UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
NUBIA De CARVAJAL, on behalf of herself
and all others similarly situated,

                       Plaintiff,                    Case No. 20-CV-01791 (JS)(ST)

       -against-

BESTCARE, INC.,

                      Defendant.

-----------------------------------------------------------


*MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S*
*MOTION TO DISMISS PLAINTIFF'S COMPLAINT, IN PART*


Jonathan P. Arfa, P.C.
Attorney for Defendant Bestcare, Inc.
2 Westchester Park Drive
While Plains, New York 10604
914.694.1000

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT……………………………………………….....    1

FACTUAL BACKGROUND…………………………………………………...    3

    A.    The State Court Action ………………………………………..    3

    B.    The Instant Federal Action ……………………………………    3

    C.    The Claims In The State Court Action Are Substantially
         Similar To The NYS Law Claims In The Instant Federal Action ….    4

ARGUMENT………………………………………………………………    10

    I.    This Court Should Abstain From Exercising Jurisdiction
       Over This Action Pursuant To The
       Colorado River Abstention Doctrine……………………………..    11

        A.    Legal Standard Under
            The *Colorado River* Abstention Doctrine ………………….    11

        B.    The State and Federal Actions Are Parallel
            In All Material Respects……………………………………..    12

        C.    Applying the Colorado River Factors Favors Abstention…..    14

            1.    Jurisdiction Over A Res …………………………….    14

            2.    Convenience …………………………………………    14

            3.    Piecemeal Litigation ………………………………….    15

            4.    Order in Which Jurisdiction Was Obtained …………..    16

            5.    Whether Federal Law Provides the Rule of Decision…    17

            6.    Adequacy of State Proceedings to
               Protect Federal Rights ……………………………....    17

i

II.    In The Alternative, Plaintiff's NYLL Claims Should
Be Dismissed Under
The Well Established "First-Filed" Rule ........................................   18

    A.    Legal Standard...............................................................   18

    B.    There is Substantial Similarity in the
State Court and Instant Federal Actions ..............................   19

        1.    The NYS Law Claims in the State Court and
Instant Federal Actions Substantially Overlap..............   19

        2.    The Parties in the State Court and Instant
Federal Court Actions Are Substantially Similar............   20

        3.    The Plaintiffs in Both Actions Are Seeking
Identical Relief ..........................................................   21

    C.    There Are No Exceptions To The
First-Filed Rule Present in This Action....................................   23

III.    Conclusion .................................................................................   25

<u>TABLE OF AUTHORITIES</u>

<u>PAGE(S)</u>

<u>Cases</u>

*Abe v. N.Y. Univ .,* No. 14 Civ. 9323, 2016 WL 1275661
(S.D.N.Y. Mar. 30, 2016)…………………………………………………………… 15

*Cambridge House Tenants' Assoc. v. Cambridge Dev.,*
*L.L.C.*, No. 1066322012 WL 254979 (N.Y. Sup. Ct. Jan. 19, 2012)……………...…… 14

*Cassini, Inc. v. Serta, Inc* ., No. 11 Civ. 8751, 2012 WL 844284
(S.D.N.Y. Mar. 13, 2012)…………………………………………………………… 21

*Castillo v. Taco Bell of Am., LLC* , 960 F. Supp. 2d 401, 404
(E.D.N.Y. 2013)…………………………………………………………………… 18

*Colorado River Water Conservation Dist. v. United States* ,
424 U.S. 800 (1976)……………………………………………………………… 11, *passim*

*Curtis v. Citibank. N.A* ., 226 F.3d 133 (2d Cir. 2000)……………………………… 18

*Dalzell Mgmt. Co. v. Bardonia Plaza, LLC* , 923 F.Supp.2d 590
(S.D.N.Y. Feb. 15, 2013)………...………………………………………………….. 12

*DiGennaro v. Whitehair* , 467 F.App'x 42 (2d Cir. 2012)…………………………. 24

*Dish Network, L.L.C. v. Am. Broad. Cos., Inc* ., No. 12 Civ. 4155,
2012 WL 2719161 (S.D.N.Y. July 9, 2012)……………………………………… 19, 23

*EDP Med. Computer Sys. Inc. v. United States* , 480 F.3d 621 (2d Cir. 2007)…... 22

*Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*,
522 F.3d 271(2d Cir. 2008)………………………………………………………… 23, 24

*First City Nat'l Bank and Trust Co. v. Simmons*,
878 F.2d 76 (2d Cir. 1989)………………………………………………………… 18

**iii**

*Garcia v. Tamir* , No. 99 Civ. 0298, 1999 WL 587902 (S.D.N.Y. Aug. 4, 1999)..... 15, 16

*Greenaway v. Apple  -Metro, Inc.*, No. 13 Civ. 2818, 2013 WL 12216603
(E.D.N.Y. Nov. 19, 2013)………………………………………………………….. 18

*Intema Ltd. v. NTD Labs., Inc* ., 654 F. Supp. 2d 133 (E.D.N.Y. 2009)………….. 20

*King v. Six Stars of N.Y., Inc* ., No.  16 Civ. 3291,
2016 WL 4523920 (E.D.N.Y. Aug. 22, 2016)………………………………………. 13, 17

*Masluf Realty Corp. v. Markel Ins. Corp* ., No. 13 Civ. 3031,
2014 WL 1278102 (E.D.N.Y. Mar. 27, 2014)………………………………………. 20

*MasterCard Int'l Inc. v. Lexcel Solutions, Inc.*,
No. 03 Civ. 7157, 2004 WL 1368299 (S.D.N.Y. June 18, 2004)…………………... 21

*Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp*,
108 F.3d 17 (2d Cir. 1997)……………………………………………………… 12

*Niagara Mohawk Power Corp. v. Hudson River      -Black
River Regulating Dist* ., 673 F.3d 84 (2d Cir. 2012)…………………………………… 12, 14

*Ortiz v. Panera Bread Co* ., No. 10 Civ. 1424,
2011 WL 3353432 (E.D. Va. Aug. 2, 2011)……………………………………… 23

*Shields v. Murdoch*  , 891 F. Supp. 2d 567 (S.D.N.Y. 2012)……………………… 12

*SST Global Tech., LLC v. Chapman* ,
270 F.Supp.2d 444 (S.D.N.Y. 2003)…………………………………………… 11

*Taylor v. Rodriguez* , 238 F.3d 188 (2d Cir. 2001)……………………………… 18

*Telesco v. Telesco Fuel and Masons' Materials*,
765 F. 2d 356 (2d Cir. 1985)…………………………………………………… 15

*Vill. of Westfield v. Welch's*, 170 F.3d 116 (2d Cir. 1999)……………………… 11

*Wyler-Wittenberg v. MetLife Home Loans, Inc* .,
899 F. Supp.2d 235 (E.D.N.Y. 2012)............................................................ 18, 19, 21

*Zuporov et al v. Bestcare, Inc* .,
Index No.: 506914/2015 (Kings Sup. Ct., 2015)........................................... 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NUBIA De CARVAJAL, on behalf of herself
and all others similarly situated,

                         Plaintiff,                  Case No. 20-CV-01791 (JS)(ST)
         -against-

BESTCARE, INC.,

                         Defendant.
-------------------------------------------------------------x

*Defendant's Memorandum of Law In*
*Support of Motion to Dismiss Complaint, In Part*

*PRELIMINARY STATEMENT*

Defendant Bestcare, Inc. ("Bestcare" or "Defendant"), submits this memorandum

of law in support of its motion to dismiss Plaintiff's claims under the New York Labor

Law ("NYLL"): (1) Second Cause of Action (Overtime Wages Under the NYLL); (2) Third

Cause of Action (Spread of Hour Wages Under the 12 NYCRR §142-2.4); (3) Fourth Cause

of Action (Violation of NYLL §195(3) Pay Stub Requirements); and (4) Fifth Cause of

Action (Violation of NYLL §195(1) Time of Hire Wage Notice Requirements).[1]

Plaintiff's New York State law claims should be dismissed pursuant to the

*Colorado River* doctrine or, alternatively, pursuant to the "first filed" rule.  In the instant

---

[1]     References herein to the Complaint herein are to "Compl. at ¶ "__"; references to the Transmittal Affirmation of Jonathan P. Arfa, Esq. are to "Arfa Trans. Aff. at ¶ "__"; and references to the Affidavit of Bernhard Schiel are to "Schiel Aff. at ¶ "__"

Complaint, Plaintiff claims that she and similarly situated employees were denied minimum wage, "spread of hours" and overtime pay in violation of the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL").  The NYLL claims are substantially similar to those pled by the plaintiff in a much earlier-filed and currently pending putative class action under the NYLL: *Zuporov et al v. Bestcare, Inc.*, Index No.: 506914/2015, which is presently being litigated in New York State Supreme Court, Kings County (hereinafter the "State Court Action").  *See* Compl. attached to Arfa Trans. Aff. as Exhibit "B".

There is no legitimate reason to force Defendant Bestcare to litigate the New York state law claims in this action (Second, Third, Fourth and Fifth Causes of Action), **in addition** to the currently pending State Court Action, **when both lawsuits collectively assert the same New York Labor Law based claims**.  Rather, as discussed in greater detail herein, because the claims in the State Court Action are substantially similar to the New York State law claims in the Instant Federal Action, and the State Court Actions were filed first, this Court should dismiss Plaintiff's New York State law claims pursuant to the first-filed rule.[2]

---

[2] By bringing the instant motion, Defendant reserves any defenses that it may have against the class and collective claims.  Further, Defendant maintains that class certification is not appropriate for Plaintiff's allegations.  The factual assertions and legal arguments contained herein are not intended to waive any such defenses, nor intended to imply that a certified class would be proper.

As discussed in more detail herein, Plaintiff's Second, Third, Fourth and Fifth Causes of Action should be dismissed.

## FACTUAL BACKGROUND

### A.   The State Court Action

On June 4, 2015, Bakhtiyor Zuparov, Svetlana Rasulova, and Tatiana Kondratyeva home health care aides who worked for Bestcare filed a "Class Action Complaint" against Bestcare individually and on behalf of all others similarly situated.  (*See* State Court Action Complaint attached to the Arfa Trans. Aff as Exh. "B").   In the State Court Action, plaintiffs' claims generally are based upon Bestcare's alleged failure to pay Plaintiffs and others similarly situated for all hours worked, overtime pay for hours worked in excess of forty in a work week (including claims for 24 hours pay for live-in shifts), spread of hours pay for the days in which Plaintiffs and the Class Members worked in excess of ten hours, and to provide pay stubs and other wage notices that conform with the requirements of the NYLL and applicable regulations.  *See* State Court Action Compl. at ¶¶ 1 *et seq.*

### B.   The Instant Federal Action

On April 13, 2020, Nubia De Carvajal, a health care aide who works for Bestcare and alleges she provides personal services such as housekeeping and laundry services; shopping for food and other household requirement; preparing and serving meals and snacks; running errands; and providing personal services such as bathing, dressing and grooming to Bestcare's clients, commenced the Instant Federal Action.  (Instant Federal

Action Compl. at ¶¶ 36-37, 56 annexed to the Arfa Trans. Aff as Exh. "A").  In the Instant

Federal Complaint, Plaintiff Carvajal, like the plaintiffs in the State Court Action, asserts

claims for failure to pay minimum wages, overtime pay, "spread of hours" and notice

violations under the NYLL.  (*See* Instant Federal Compl. at ¶¶ 1, 21, 41, 59-65).

C.     The Claims In The State Court Action Are Substantially
       Similar To The NYS Law Claims In The Instant Federal Action

The NYS law claims asserted in the Instant Federal Action are essentially identical

to the claims asserted in the State Court Action.  The gravamen of the wage claims in

both cases under the NYLL are that Defendant (a) failed to pay overtime for all hours

worked in excess of 40 in a workweek; (b) failure to pay for all hours in a 24 hour live-in

day (claim is for 24 hours pay instead of 13 hours of pay actually paid); and (c) claims

for failure to provide the required hiring notices and weekly wage statements.  The chart

below highlights the striking similarities:

| Instant Federal Court Action[3] | State Court Action [4] |
|---|---|
| Lawsuit Filed: April 13, 2020 | Lawsuit Filed:  June 4, 2015 |

---

[3]   All references in this column are taken directly from the Instant Federal Court Action
Complaint.

[4]   All references in this column are taken directly from the State Court Action Complaint.

| | |
|---|---|
| 6 year NYLL Statute of Limitations look-back period:  April 14, 2014 to date | 6 year NYLL Statute of Limitations look-back period:  June 5, 2009 to date |
| **Putative Class Description** | **Putative Class Description** |
| All persons who work, or have worked for Defendant as an hourly or live-in home health aide at any point over the 3 years preceding the filing of the Complaint for the federal claims (¶ 21) and 6 years for the NYLL claims (¶ 25) | All individuals employed in the State of N.Y. by Defendant as home health aides and/or home attendants at any time during the 6 year period prior to the filing of the Complaint. (¶ 38). |
| Defendant issued approximately 30,000 individual IRS W-2 forms to individual field staff employees who would form the basis of the putative class in this federal lawsuit.  Schiel Aff. at ¶ "6". | Defendant issued approximately 55,000 individual IRS W-2 forms to individual field staff employees who would form the basis of the putative class in the State Court Action.  Schiel Aff. at ¶ "7". |
| | Entire period and putative class members are covered by Instant Federal Action is encompassed within State Court Action |
| New York Labor Law Claims Asserted: | New York Labor Law Claims Asserted: |
| 2nd Cause of Action:<br>   Claim for allegedly unpaid overtime and live-in pay (24 hours pay instead of 13 hours pay) | 1st Claim For Relief:<br>   Claim for minimum wage and unpaid overtime and live-in pay (24 hours pay instead of 13 hours pay) |
| 3rd Cause of Action:<br>   Claim for allegedly unpaid spread of hours | 2nd Claim for Relief<br>   Claim for allegedly unpaid spread of hours |
| 4th Cause of Action:<br>    Claim for alleged failure to provide wage statements/paystubs | 3rd Claim For Relief<br>    Claims for alleged failure to provide wage statements/paystubs |

| 5th Cause of Action: Claim for alleged failure to provide hiring Wage Notice | 3rd Claim For Relief Claims for alleged failure to provide hiring Wage Notice |
|---|---|
| Alleged that Plaintiff Carvajal worked for Defendant as an hourly and live-in home health aide. (¶ 3). | Alleged that Plaintiffs and putative class members worked for Defendant as an hourly and live-in home health aide. (¶¶ 10-12, 18, 20). |
| Alleged that Plaintiff Carvajal and putative class members provided housekeeping services including dusting, sweeping, mopping, cleaning the bathroom; cleaning the kitchen, taking out the garbage, bathing, feeding, dressing, ambulating. (¶¶ 36-37, 56). | Alleged that Plaintiffs and putative class members performed such duties as household chores, meal preparation, hygiene assistance, personal healthcare, running errands, companionship, assist with toileting, house, laundering. (¶¶ 16-17). |
| Alleged that Plaintiff Carvajal worked 24-hour shifts for Defendant during her employment. (¶ 4)  Alleged that when Plaintiff Carvajal worked 24-hour live-in shifts, she was unable to leave the patient's house. (¶ 5, 55). | Alleged that Plaintiffs and putative class members worked 24-hour shifts for Defendant during their employment. (¶ 18)  Alleged that When Plaintiffs worked 24-hour live-in shifts, they were unable to leave the patient's house. (¶¶ 18, 20). |
| Alleged that Plaintiff Carvajal and putative class members who worked live-in shifts were only paid for approximately 13 hours of each 24-hour shifts. (¶¶ 4, 6, 38). | Alleged that Plaintiffs and putative class members who worked live-in shifts were only paid for approximately 13 hours of each 24-hour shifts. (¶¶ 18, 21-24). |
|  |  |

| | |
|---|---|
| Alleged that Plaintiff Carvajal and putative class members worked more than 10 hours in a day and were not paid spread of hours. (¶ 63). | Alleged that Plaintiffs and putative class members worked more than 10 hours in a day and were not paid spread of hours. (¶¶ 33, 41, 54-55). |
| Alleged that Plaintiff Carvajal and putative class members were not provided with a lawful wage notice upon hiring. (¶ 64). | Alleged that Plaintiffs and putative class members were not provided with a lawful wage notice upon hiring. (¶ 34). |
| Alleged that Plaintiff Carvajal and putative class members were not provided with a lawful wage statement with each wage payment. (¶ 64). | Alleged that Plaintiffs and putative class members were not provided with a lawful wage statement with each wage payment. (¶ 35). |
| **Putative Class Members Are Similarly Situated**<br><br>Alleged that all putative class members are "similarly situated" because: "(a) they have been or are employed in the same or similar positions;  (b) they were or are subject to the same unlawful practices, policy or plan . . . (c) their claims are based upon the same factual and legal theories; and (d) the employment relationship between Defendant and every putative Class member is exactly the same and differs only by name, location, and rate of pay." (¶¶ 22, 24). | **Putative  Class  Members  Are  Similarly Situated**<br><br>Alleged that "Plaintiffs' claims are typical of the claims of the other Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.   All the Class Members were  subject  to  the  same  corporate practices of Defendant . . . Defendant's corporate-wide  policies  and  practices affected all Class Members similarly . . . ." (¶¶ 41-42). |
| **Typicality of Claims**<br><br>Alleged  that  the  claims  of  Plaintiff Carvajal are typical to the claims of the class, because they are all current or former home health care employees of | **Typicality of Claims**<br><br>Alleged that "Plaintiffs' claims are typical of the claims of the other Class Members, and the relief sought is typical of the relief which |

Defendants who it is alleged sustained damages, including underpayment of wages as a result of Defendant's common compensation policies and practices. (¶ 28).

Alleged that common legal and factual questions pertaining to the NYLL claims include, but are not limited to, the following:

"a.   whether Defendant violated the NYLL through its pay practices by paying live-in HHA's for only 13 hours of work, in a twenty-four-hour shift, even where such HHA's worked more than 13 hours and did not receive more 5 hours of uninterrupted sleep; b.   whether Defendant willfully and systematically attempted to avoid paying HHA's overtime during their 24-hour shifts, by directing them not to report any work duties performed during their night shifts; c.   whether Defendant misclassified its HHAs a "exempt"; d.   whether Defendant maintained common policies or practices that required its home health aides to perform work beyond 40 hours in a workweek; e.   whether HHAs employed by Defendant performed general household work for more than 20 percent of the total weekly hours worked; f.   whether Defendant violated the NYWTPA by failing to provide lawful wage notices, upon hiring, and also failing to provide accurate wage statements with each payment; g. whether Defendant violated the NYWTPA by failing to establish, maintain and preserve true and accurate payroll

would be sought by each Class Member in separate actions. "(¶ 41).

Alleged that "The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendant required Class Members to work uncompensated time and failed to compensate the Class Members with the minimum wage for all hours worked . . . (b) whether Defendant required Class Members to work uncompensated overtime and failed to adequately compensate the Class Members for overtime hours worked . . . (c) whether Defendant required Class Members to work in excess of ten hours a day and failed to adequately compensate the Class Members for "spread of hours" pay (d) whether Defendant provided Class Members with sufficiently detailed wage statements . . . ." (¶ 46).

| | |
|---|---|
| records; and h. whether Defendant's violations were willful." (¶ 27). | |
| **Numerosity**<br><br>Alleged that "The members of the New York Class are so numerous that joinder of all members in the case would be impracticable. Plaintiff reasonably estimates there are approximately one hundred (100)" Class members. (¶¶ 26, 34) | **Numerosity**<br><br>Alleged that "The proposed Class is so numerous that joinder of all Class Members is impracticable. . . . Plaintiff believes that . . . there are at least several hundred members of the Class." (¶ 40) |
| **Adequacy of Representation**<br><br>Alleged that Plaintiff Carvajal and her counsel will fairly and adequately protect the interests of the Putative Class. (¶ 29). | **Adequacy of Representation**<br><br>Alleged that "Plaintiffs are able to fairly and adequately protect the interests of the Class and . . . Plaintiffs retained Naydenskiy Law Group, P.C., an experienced employment and class and collective action litigation firm." (¶ 43).<br><br>The plaintiffs' class action law firm of Virginia & Ambinder, LLC has appeared in the State Court Action as co-counsel with Naydenskiy Law Group. |
| **Superiority of Class Action**<br><br>Alleged that "A class action is superior to other available methods for the fair and efficient adjudication of this controversy. . . ." (¶ 30). | **Superiority of Class Action**<br><br>Alleged that "A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendant." (¶ 44). |

*ARGUMENT*

Defendant now moves this Court to dismiss all of Plaintiff's claims for unpaid wages (minimum wage, overtime and spread of hours plus liquidated damages) and for alleged wage notice violations under the NYLL and regulations promulgated thereunder on the basis that there is a prior pending State Court action in which the same claims have been asserted and currently are pending.

Defendant requests that the Court abstain from exercising jurisdiction over Plaintiff's NYLL claims in the instant Complaint in the interest of judicial economy, convenience and fairness to the litigants, consistent with the *Colorado River* abstention doctrine. "Exceptional circumstances" exist which warrant abstention. In sum, since the federal claims in this action are virtually identical to the claims in the State Court Action, permitting duplicate class actions to proceed in two separate courts, where tens of thousands of potential plaintiffs could be implicated, would be grossly inefficient and would unnecessarily increase the likelihood of inconsistent decisions and piecemeal litigation.

Should the Court decline to abstain, then a stay of these proceedings should be granted pending the outcome of the state court litigation. As Plaintiff's claims can be adequately addressed in the currently pending State Court Action, there is no rational reason to proceed in this Court while the State Court Action is pending.

I.

*THIS COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION OVER THIS ACTION PURSUANT TO THE COLORADO RIVER ABSTENTION DOCTRINE.*

A.     Legal Standard Under The *Colorado River* Abstention Doctrine

Pursuant to the *Colorado River* abstention doctrine (*Colorado River Water Conservation Dist. V. United States,* 424 U.S. 800 (1976), "although a pending action in a state court does not generally bar proceedings involving the same matter in a federal court, a federal court may dismiss a federal suit for 'reasons of wise judicial administration' where there are 'exceptional circumstances.'" *Vill. of Westfield v. Welch's*, 170 F.3d 116, 120 (2d Cir. 1999) (*quoting Colorado River*, 424 U.S. at 818). *See also SST Global Tech., LLC v. Chapman*, 270 F.Supp.2d 444, 454 (S.D.N.Y. 2003) (noting "whether to stay proceedings in a federal action based on the existence of a concurrently pending state civil action, is governed by the principles of federal abstention doctrine."). Courts consider the following six factors when deciding whether to abstain pursuant with Colorado River:

(1)   whether the controversy involves a res over which one of the courts has assumed jurisdiction;

(2)   whether the federal forum is less inconvenient than the other for the parties;

(3)   whether staying or dismissing the federal action will avoid piecemeal litigation;

(4)   the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other;

11

(5)   whether federal law provides the rule of decision; and

(6)   whether the state procedures are adequate to protect the plaintiff's federal rights.

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100-101 (2d Cir. 2012).   Significantly, "none of these factors alone is necessarily determinative of the abstention analysis." *Id.*

    B.   <u>The State And Federal Actions Are Parallel In All Material Respects</u>.

"Before engaging in the six-factor analysis, a court must make a threshold determination that the federal and state court cases are 'parallel.'" *Dalzell Mgmt. Co. v. Bardonia Plaza, LLC*, 923 F.Supp.2d 590, 597 (S.D.N.Y. Feb. 15, 2013).  "Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997).  However, "[p]erfect symmetry of parties and issues is not required.  Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Shields v. Murdoch,* 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012).  As detailed, *supra,* the NYLL claims in both the State Court Action and the instant federal action are virtually identical.   In both the present litigation and the State Court Action, the plaintiffs are alleging that Defendant Bestcare violated the NYLL by failing to pay home health care aides minimum wage, "spread of hours", overtime pay for all hours worked and violated

various wage notice provisions of the NYLL.  (*Compare* State Court Compl., at ¶¶ 1, 22, 23, 24, 33, 34, 41, 50, 55, 56, 60, 61 with Instant Federal Court Compl. at ¶¶ 1, 4, 21, 24, 25, 32, 38, 81, 87, 89).  Moreover, both Actions are pursued on a class-wide basis seeking to represent the same class of individuals (home health care aides) covering overlapping and, in relevant part, co-extensive time periods (2009 through present under the State Court Action; 2014 through present under the instant Federal Action) seeking the same relief (unpaid wages, attorneys' fees and  costs). (*Compare*  State Court Compl. at ¶¶ 52, 58, 62 and "WHEREFORE" clause with Instant Federal Court Compl. at ¶¶ 81, 87, 91, 97, 102 and "WHEREFORE" clause).

The fact that Plaintiff also pursues claims in the instant action under the FLSA does not preclude a finding that the Actions are parallel.  Indeed:

> "As is usually the case with wage disputes in New York, New York Labor Law completely overshadows the FLSA to the point of rendering the FLSA superfluous.  The New York Labor Law has a six year statute of limitations, whereas the FLSA has, at most, a three year statute (if the plaintiff proves willfulness) . . . . The New York Labor Law has a spread of hours provision, see 12 NYCRR 142-2.4, which has no counterpart in the FLSA."

*King v. Six Stars of N.Y., Inc.*, No. 16 Civ. 3291, 2016 WL 4523920, at * 2 (E.D.N.Y. Aug. 22, 2016).  Moreover, that the NYLL claims and the FLSA claims are brought under the identical allegations of fact, and are analyzed the same by the Courts.

As such, the State Court Action would cover all individuals that could be covered under this federal action and they would be able to recover the same relief and for an even longer period of time.  In fact, the State Court action was filed approximately 5

years before the instant federal action.   The class members', including Plaintiff Carvajal's, statute of limitations on the NYLL claims were tolled upon the filing of the putative class action complaint.  *Cambridge House Tenants' Assoc. v. Cambridge Dev., L.L.C.*,  2012 WL 254979 (N.Y. Sup. Ct. Jan. 19, 2012).  Accordingly, the State Court action has preserved the Plaintiff and putative class members' claims for a longer period of time than the instant action and the claims in the instant action must be deemed parallel to the claims in the State Court Action.

      C.     <u>Applying the *Colorado River* Factors Favors Abstention</u>.

          1.     Jurisdiction Over A Res

 This factor is inapplicable "in light of the fact that this is not an *in rem* action and neither this court nor the state court has obtained jurisdiction over a res."  *Niagara Mohawk*, 673 F. 3d at 101.

          2.     Convenience

The state courthouse in which the State Court Action is pending is located in Brooklyn, New York the same locale at which Plaintiffs worked and Bestcare maintains an office; in contrast, the instant action is pending in Central Islip, New York, miles from the venue at which it is alleged the claims arose.  Moreover, and inasmuch as Bestcare operates in the 5 Boroughs of the City of New York, and the Counties of Nassau, Suffolk and Westchester, the overwhelming number of putative class members reside outside

of Suffolk County.   *See* Schiel Aff. at ¶ "4".   Accordingly, there is clear convenience to

the Kings County location over Central Islip.

        3.    Piecemeal Litigation

    "[B]y far the most important factor driving Colorado River and its progeny is the

clear federal policy of avoiding piecemeal adjudication."   *Abe v. N.Y. Univ.*, No. 14 Civ.

9323, 2016 WL 1275661, at *7 (S.D.N.Y. Mar. 30, 2016) (internal quotations and citations

omitted).   Where, as here, "the state and federal claims are 'inextricably linked,' the

Court of Appeals has recognized the potential for a danger of piecemeal litigation."

*Garcia v. Tamir*, No. 99 Civ. 0298, 1999 WL 587902, at *3 (S.D.N.Y. Aug. 4, 1999)(internal

citations omitted).   Significantly, the "involvement of all the same issues in a state and

a federal action should in itself be given weight as a factor in favor of abstention."

*Telesco v. Telesco Fuel and Masons' Materials*, 765 F. 2d 356, 362 (2d Cir. 1985).   This

case is similar to *Garcia v. Tamir*, where the court granted defendants' motion to dismiss

the complaint and abstained from exercising jurisdiction.   In *Garcia*, the federal action

alleged "violations of the FLSA based on the same failure by the same defendants to

make required overtime and minimum wage payments as set forth in the state

complaint." 1999 WL 587902 at *2.   In determining that the third factor in the *Colorado*

*River* analysis "strongly favor[ed] defendants," the court held the following:

> "[B]ecause the causes of action in the two proceedings arise from the same
> set of events, questions of issue preclusion will be likely to arise among the
> parties that are involved in both actions.   This will result in additional
> litigation related to the preclusion issue itself. . . ."

*Id.* at 5.

"[T]here is a possibility that the difference between the class action opt-out and the opt-in procedures in the two courts will result in a number of plaintiffs who are involved in only one of the actions.  This may create a problem because plaintiffs who are only involved in one of the proceedings will not be subject to the preclusive effect of the determinations made in the other.  The result would be that the defendants would be absolved from liability in one court, while being held liable for the same set of events in the other."

*Id.* at 6.

These same serious issues and concerns are present in the instant action.  If the New York State Supreme Court decides the issue of whether the thousands of potential plaintiffs in the State Court Action received the requisite break periods and were paid in accordance with the NYLL, that decision would have preclusive effect on the thousands of potential opt-in Plaintiffs in the instant action under the FLSA and NYLL.  In the interest of justice and judicial economy, to avoid the possibility of disparate outcomes, the instant case should be dismissed because Plaintiff's and the purported class members' claims are being pursued in the State Court Action.

Considering the "serious concerns here relating to judicial economy and consistency," which are "of primary importance in the analysis," this factor strongly favors abstention.  *Garcia,* 1999 WL 587902, at *7.

4.     Order in Which Jurisdiction Was Obtained

It is undisputed that the State Court Action was filed approximately five years prior to the instant action.   Accordingly, this factor also weighs in favor of abstention.

16

5.     Whether Federal Law Provides the Rule of Decision

Although Plaintiff brings federal claims in this action under the FLSA, "[t]his factor is not entitled to much weight in this particular case, however, because the federal claims are virtually identical to the state claims asserted in the other action, and their determination is based on precisely the same factual question." *Id.* at *7. Indeed, "there is no important federal rights at stake, and the federal statute at issue in this action does not substantively differ from the state statute at issue in the state action.  Therefore, although generally important, this factor is of less importance given the particular circumstances of this case." *Id.*

6.     Adequacy of State Proceedings to Protect Federal Rights

There is no reason to believe that Plaintiff's claims cannot be adequately addressed in the State Court Action.  As detailed above, the NYLL "completely overshadows the FLSA to the point of rendering the FLSA superfluous." *King,* 2016 WL 4523920 at *2 (noting "while federal law would of course govern the FLSA claims, state law will dominate this action.").  Plaintiff's basis for recovery under the NYLL and FLSA are the same and the factual claims of recovery are the same in both Actions.   Thus, this factor also weighs in favor of abstention.

Accordingly, since the state and federal actions are parallel; the law to be decided is predominately state law; the state action was commenced prior to this action; there are serious concerns of piecemeal litigation, contrary to judicial efficiency; and,

17

Plaintiff's claims can adequately be adjudicated in state court, the balancing of the *Colorado River* factors weighs in favor of abstention.

II.

*IN THE ALTERNATIVE, PLAINTIFF'S NYLL CLAIMS SHOULD
BE DISMISSED UNDER THE WELL ESTABLISHED "FIRST-FILED" RULE*

In light of the similar nature of the claims, the relief sought, the parties involved, the time period covered and the persons who are alleged to be "similarly situated" in both the State Court Action and the Instant Federal Court Action, dismissal of the NYLL claims in the later-filed Instant Federal Action is warranted under the first-filed rule.

A.        Legal Standard

The "first-filed" rule is a well-settled legal doctrine in the Second Circuit instructing that "where there are two [or more] competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Greenaway v. Apple-Metro, Inc.*, No. 13 Civ. 2818, 2013 WL 12216603, at * 1 (E.D.N.Y. Nov. 19, 2013) (citing *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp.2d 235, 243 (E.D.N.Y. 2012) (quoting *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989); *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013) (same); *see also Taylor v. Rodriguez*, 238 F.3d 188, 197 (2d Cir. 2001) ("In administering its docket, a district court may dismiss a second suit as duplicative of an earlier suit . . . .") (citations and quotations omitted); *Curtis v. Citibank. N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (finding that dismissal is appropriate not

18

only to promote docket efficiency and interests of comity, but also to avoid burdening a party with litigating the same matter in separate lawsuits.).

"Because parties 'should be free from the vexation of concurrent litigation over the same subject matter,' there is a strong presumption that a later lawsuit will be dismissed in favor of the first-filed lawsuit." *Dish Network, L.L.C. v. Am. Broad. Cos., Inc.*, No. 12 Civ. 4155, 2012 WL 2719161, at *2 (S.D.N.Y. July 9, 2012) (citations and quotations omitted); *see also Wyler-Wittenberg*, 899 F. Supp. 2d at 247 (noting "[w]ith regard to choice of forum, the Court reiterates that the 'first-filed' rule embodies the notion that the plaintiff who is first to commence litigation should have his or her choice of venue."). The first-filed rule should be applied to avoid duplicative efforts, and to avoid inconsistent judgments. *See Wyler-Wittenberg*, 899 F. Supp. 2d at 247.

   B.  There is Substantial Similarity in the
     <u>State Court and Instant Federal Actions</u>

  1.  *The NYS Law Claims in the State Court and*
    *<u>Instant Federal Actions Substantially Overlap</u>*

As referenced above, the plaintiffs in both the present litigation and the State Court Action are alleging that Defendant Bestcare violated the NYLL by failing to pay home health care aides minimum wage, "spread of hours" and overtime pay for all hours worked and wage notice violations under NYLL §§195(1) and (3). Indeed, as detailed above, the factual allegations supporting the NYLL claims in both actions are strikingly similar. For example, both Actions involve individuals employed as home

health care aides responsible for providing personal care services in the homes of Bestcare's clients. (*Compare* State Court Compl. at ¶¶ 16-17 *with* Instant Federal Court Compl. at ¶¶ 36-37). In addition, both Actions allege the plaintiffs worked 24-hour overnight shifts in the homes of Bestcare's clients. (*Compare* State Court Compl. at ¶ 18 *with* Instant Federal Court Compl. at ¶ 21). Moreover, both Actions allege the plaintiffs were paid for only 13 hours of purportedly 24-hour shifts. (*Compare* State Court Compl. at ¶¶ 18-23 *with* Instant Federal Court Compl. at ¶ 4).

Accordingly, the factual allegations (outlined above) and legal issues in both lawsuits substantially overlap. Indeed, resolution of the claims in the State Court Action would leave little, if anything, to be decided with respect to the same claims in the present lawsuit. *See Masluf Realty Corp. v. Markel Ins. Corp.*, No. 13 Civ. 3031, 2014 WL 1278102, at * 2 (E.D.N.Y. Mar. 27, 2014)(noting "application of the [first-filed] rule does not require identical parties and issues in the cases, but merely requires 'substantial overlap.'") *citing Intema Ltd. v. NTD Labs., Inc.*, 654 F. Supp. 2d 133, 141 (E.D.N.Y. 2009) (noting that the "first-filed" rule can be invoked where significant overlapping factual issues exist between the two pending cases).

2.   *The Parties in the State Court and Instant Federal Court Actions Are Substantially Similar*

The fact that the individually named plaintiffs are not the same in the State Court and Instant Federal Court Actions is not dispositive. If some of the parties in one matter are also parties in the other matter, **regardless of whether there are additional**

20

**unmatched parties**, the parties are deemed similar for purposes of the first-filed rule. *See Wyler-Wittenberg*, 899 F. Supp. 2d at 244.   It is irrelevant that the individually named representative plaintiffs differ.   *See Id.*   Rather, when the first-filed rule is applied in a class or representative action; **the potential classes, not the named class representatives,** are compared.   *See Id.* at 244-45 (noting "considering the similar positions held by the plaintiffs in each of these matters and the opt-in nature of a collective class, the Court concludes that plaintiffs in this action are similar enough to those in [the earlier filed actions] to warrant application of the 'first-filed' rule.").   Here, while the individually named plaintiffs differ between the two actions, both of them seek to represent current and former home health care aides of Bestcare to recover on the basis of the same factual predicates and legal theories.    Indeed, Plaintiff Carvajal is included and is a party in, the class in the first filed State Court Action.

   Moreover, in both lawsuits, plaintiffs bring suit against the same defendant, Bestcare.

   3.   *The Plaintiffs in Both Actions Are Seeking Identical Relief*

   Cases need not be mirror images of each other for the first-filed rule to apply.  *See Cassini, Inc. v. Serta, Inc.*, No. 11 Civ. 8751, 2012 WL 844284, at *3 (S.D.N.Y. Mar. 13, 2012) (noting that for first-filed rule to apply "issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests."). Substantial similarity between the actions is sufficient.  *See Id.; see also MasterCard Int'l Inc. v. Lexcel Solutions, Inc.*, No. 03 Civ. 7157, 2004 WL 1368299, at *8 (S.D.N.Y. June 18,

21

2004) (observing the presumption in favor of the forum in which the first action is filed where the record presents "sufficient overlapping factual and legal issues" between two cases).

The material allegations pled in both the State Court Action and the Instant Federal Action are identical: both Actions are pursued on a class-wide basis seeking to represent the same class of individuals (home health care aides); and seek the same relief (unpaid wages, attorneys' fees and costs). Therefore, if the State Court Action plaintiffs are successful, neither Carvajal nor members of the putative class she seeks to represent, would be entitled to double recovery under principles of *res judicata*, regardless of the fact that the allegations may differ.[5]

Judicial economy would be served by dismissing the substantially similar NYS law claims, as it would prevent two separate judges from having to hear and resolve the same claims, and unnecessarily duplicate their efforts. Further, Defendant Bestcare would not be burdened by the duplicative costs of simultaneous litigation by not having to attend numerous depositions twice, not having to produce thousands of documents twice, and not having to brief the pertinent issues twice. *See Castillo*, 960 F. Supp. 2d

---

[5]   "Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotation marks and citations omitted). "Thus, the doctrine bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Id.* (internal quotation marks and citations omitted).

404, 405 (finding that "[d]ismissal is also appropriate because it would be patently unfair to require Defendants to litigate the class issues here at the same time as those matters are being litigated in the first-filed action.") (citing *Ortiz v. Panera Bread Co.*, No. 10 Civ. 1424, 2011 WL 3353432 (E.D. Va. Aug. 2, 2011) (noting that dismissing the second matter is "particularly appropriate in the context of competing [wage and hour] collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations.")).   Based on the foregoing, Plaintiff's NYS law claims (Second, Third, Fourth and Fifth Causes of Action) should be dismissed, pursuant to the first-filed rule.

        C.     There Are No Exceptions To The
                First-Filed Rule Present in This Action

       The Second Circuit has held that the presumption of priority accorded the first-filed suit will give way: (1) where "special circumstances," such as an improper anticipatory filing or inappropriate forum shopping exist; and, (2) "where 'the balance of convenience' favors the second-filed action."   *Dish Network,* 2012 WL 2719161*, at *2 (citing *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275-276 (2d Cir. 2008)).   Neither exception applies here.

       Special circumstances include manipulative or deceptive behavior on the part of the first filing plaintiff, most commonly in declaratory judgment actions.   *Emp'rs Ins. of Wausau*, 522 F.3d at 276.   That exception is clearly inapplicable here, where the first-filed

State Court Action has been pending since 2015, undisputedly eliminating any inference that these matters involved a "race to the court" or forum shopping.

The second exception to the first-filed rule is "where the 'balance of convenience' favors the second-filed action." *See Emp'rs Ins. of Wausau*, 522 F.3d at 276.  Specifically, the Court must decide whether allowing a second, substantially similar action to proceed is more convenient than dismissing the NYS law claims so that they can be resolved in the State Court Action.  Litigating the duplicative NYS law claims in a different court, in front of a different judge, where the Plaintiff is seeking the same relief as in the previously filed State Court Action, is clearly not convenient to Defendant Bestcare or this Court, which would both be duplicating efforts on all fronts in these cases.  Nor could it be argued that the Eastern District of New York is a more convenient forum in which to litigate these state law claims than the Supreme Court, Kings County.

Since neither exception applies to the first-filed rule, the NYS law claims (Second, Third, Fourth and Fifth Causes of Action) should be dismissed.[6]

---

[6]     Should the Court decide not to dismiss Plaintiff's New York State law claims in this lawsuit in favor of the substantially similar claims in the first-filed State Court Action, Defendants respectfully request that the Court temporarily stay these claims pending the outcome of the State Court Action. *See DiGennaro v. Whitehair*, 467 F. App'x 42, 43 (2d Cir. 2012) (finding that it is fundamental that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.") (citation omitted).

24

III.

*CONCLUSION*

For the foregoing reasons, Defendant respectfully request that this Court dismiss Plaintiff's Second, Third, Fourth and Fifth Causes of Action, in their entirety, and grant Defendants all other relief that the Court deems just and proper.

Dated:        June 17, 2020

                                        Respectfully submitted,

                                        JONATHAN P. ARFA, P.C.
                              Attorney for Defendant Bestcare, Inc.

                                        */s/ Jonathan P. Arfa, Esq.*

                              By: _____
                                        Jonathan P. Arfa, Esq.
                                        2 Westchester Park Drive
                                        White Plains, New York 10604
                                        914.694.1000 (tel)
                                        jarfa@arfapc.com


To:     Jon L. Norinsberg, Esq. (via ECF and e-mail)
        Chaya M. Gourarie, Esq. (via ECF and e-mail)
        Joseph & Norinsberg, LLC
        Attorneys for Plaintiff
        225 Broadway – Suite 2700
        New York, New York 10007
        212.227.5700 (Tel)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NUBIA De CARVAJAL, on behalf of herself
and all others similarly situated,

                Plaintiff,              Case No. 20-CV-01791 (JS)(ST)

        -against-

BESTCARE, INC.,                   <u>Affirmation of Service</u>

               Defendant.
-------------------------------------------------------------x
STATE OF NEW YORK      )
                       : ss.:
COUNTY OF WESTCHESTER  )

      Jonathan P. Arfa, an attorney-at-law duly licensed to practice law before the Courts of the State of New York, affirms, under penalties of perjury as follows:

      1.    I am not a party to this proceeding, am over 18 years of age and maintain an office for the practice of law at 2 Westchester Park Drive, White Plains, New York 10604.

      2.    On June 18, 2020, I served the within Defendant's Memeorandum of Law In Support of Motion upon plaintiff's attorneys Jon L. Norinsberg, Esq. (via ECF and e-mail to jon@norinsberglaw.com) and Chaya M. Gourarie, Esq. (via ECF and e-mail to chaya@norinsberglaw.com), Joseph & Norinsberg, LLC, 225 Broadway – Suite 2700, New York, New York 10007.

Affirmed:   White Plains, New York
              June 18, 2020

                               /s/ Jonathan P. Arfa

                            _____

                            Jonathan P. Arfa, Esq.