

40 Broad Street, 7th Floor
New York, NY 10004
Telephone: (212) 943-9080

**LaDonna Lusher, Esq.**
llusher@vandallp.com

January 15, 2020

**VIA ECF**
The Honorable Steven L. Tiscione
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *De Carvajal v. Bestcare, Inc.*, 20-cv-1791 (JS) (ST) - Proposed Motion to Dismiss**

Dear Judge Tiscione:

I represent Bakhtiyor Zuparov, Svetlana Rasulova, Tatiana Kondratyeva and a putative class of home care workers in a nearly identical suit to the above captioned case ("Federal Action") that was filed in New York State Supreme Court, Kings County on June 4, 2015. *See Zuparov et al. v. Bestcare, Inc.*, Index No. 506914/2015 (the "State Class Action"). I write pursuant to Your Honor's Individual Rules[1] to request a Pre-Motion Conference and/or for permission to file a motion to dismiss all class and collective claims in this action for lack of subject matter jurisdiction, or in the alternative to stay these claims pending resolution of the State Class Action.[2] Alternatively, we seek permission to file a brief in support of Defendant's pending motion to dismiss.

This Court should abstain from exercising jurisdiction over the class and collective claims in this action pursuant to the doctrine set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ("*Colorado River* Doctrine") which applies in full force to employment cases. *See Gregory v. Daly,* 243 F. 3d 687, 702 (2nd Cir. 2001). The *Colorado River* doctrine directs federal courts to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id*. at 817.

"It is well-settled that the third factor, the avoidance of piecemeal litigation, is the paramount consideration" in determining whether to abstain under the *Colorado River* Doctrine. *Hammond v. Lifestyle Forms & Display Co.*, No. 08 CV 3964 (SJ) (RER), 2009 U.S. Dist. LEXIS 133649, at *7 (E.D.N.Y. Jan. 7, 2009) (dismissing federal action pursuant to doctrine). This is

[1] District Judge Seybert referred matters related to dismissal to you via an order dated October 26, 2020.
[2] A challenge may be made to subject matter jurisdiction by a non-party. *See e.g. Canadian St. Regis Band of Mohawk Indians v. New York*, 388 F. Supp. 2d 25, 29 (N.D.N.Y. 2005) (citing *New York v. Waterfront Airways, Inc.,* 620 F. Supp. 411, 413 (S.D.N.Y. 1985); *Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*, 946 F.3d 120, 135 (2d Cir. 2019) (holding non-party had right to contest subject matter jurisdiction).



exactly what will happen here if the class and collective claims are not dismissed. The State Class Action was filed first, in 2015, and covers the same unpaid wage claims dating back to June 4, 2009. The Federal Action was filed in 2020 and could only cover unpaid wage claims dating back to April 13, 2014, a difference of almost five years. Thus, while the unpaid wage claims for Plaintiff De Carvajal, putative class and putative collective members in the Federal Action can be fully resolved in the State Class Action, the reverse is not true, i.e. the Federal Action cannot resolve the unpaid wage claims for all plaintiffs in the State Class Action. This is because the Federal Action has no ability to resolve claims during the additional five years covered by the State Class Action. If the class and collective claims in the Federal Action are not dismissed, this would ensure piecemeal litigation of identical claims.

Moreover, all claims asserted in the Federal Action are New York state claims except for the FLSA claims. Yet as explained recently by the Honorable Brian M. Cogan, U.S.D.J. "New York's Labor Law completely overshadows the FLSA to the point of rendering the FLSA superfluous." *King v. Six Stars of N.Y., Inc.*, 2016 U.S. Dist. LEXIS 111574, at *4 (E.D.N.Y. Aug. 22, 2016) (dismissing federal action due to existing state court action seeking unpaid wages pursuant to *Colorado River* Doctrine). Since there is no ability to double dip, meaning workers cannot recover the same allegedly unpaid wages under the FLSA and the NYLL, the State Class Action would completely resolve all unpaid wage claims brought under the FLSA in this action.

Other factors also strongly support dismissal. All parties in the Federal Action are parties of the State Class Action, and a motion to certify the class has already been fully briefed and is pending before the state court. In light of the recent decisions granting certification of identical classes in *Andryeyeva v. N.Y. Health Care Inc.*, 2020 NY Slip Op 31362(U) (Sup. Ct.), *Bernarez et al. v. Alternate Staffing, Inc*., Index No. 150826/2017 (Sup. Ct. NY Cty., September 17, 2020), and *Kurovskaya v. Project O.H.R. (Office for Homecare Referral), Inc.*, Index No. 150480/2016 (Sup. Ct. NY Co., Dec. 1, 2020), certification of the State Class Action is extremely likely.

Another strong factor supporting dismissal is that the Federal Action would actually harm Plaintiff De Carvajal, who began working for Bestcare in 2009. [Docket No. 1, Complaint, ¶ 48.] Compared to the State Class Action which covers claims dating from June 4, 2009, by proceeding with the Federal Action she would lose the ability to recover approximately five years of her unpaid wages. Plaintiff De Carvajal, as a putative class member, has the right to be represented by counsel of her own choosing in the State Class Action. Moreover, the standard for certification of a class under New York's Civil Practice Law and Rules is much more lenient than under Federal Rule 23, and thus, there are substantial risks for putative class members in the Federal Action. *See e.g. Stecko v. RLI Ins. Co.,* 121 A.D.3d 542, 543-44 (App. Div. 1st Dept.) (holding that CPLR Article 9 is to be broadly construed and that Rule 23's "rigorous analysis" standard is not applicable). While Plaintiff De Carvajal also asserts an individual claim for discrimination, she did so solely under the NYCHRL. This Court has no jurisdictional basis over this claim and it could have been filed in state court. One is left to conclude that the Federal Action was designed by lawyers to forum shop a way to advance their own personal interests and piggyback off years of work already performed by the State Class Action Plaintiffs.

Alternatively, this Court should dismiss the Federal Action under the first filed rule, dismiss under the interests of justice, or stay this action pending certification of the class in the State Class Action.

Respectfully submitted,
____/s/_____________
LaDonna M. Lusher, Esq.

*Attorneys for State Class Action Plaintiffs*

cc: All counsel of record (via ECF)